IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TELVON TAYLOR, #39254-037         *

Petitioner                         *

v                                  *    Civil Action No. WMN-16-438

DALLAS B. JONES                    *

Respondent                         *
                                 ***

## MEMORANDUM

The above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was filed on February 12, 2016. Petitioner, an inmate at the Federal Correctional Center in Beaumont, Texas, challenges his Maryland state conviction from St. Mary's County, Maryland. ECF 1. For the reasons below, the petition must be dismissed for lack of jurisdiction.

Petitioner states that on January 26, 1996, he pled guilty to charges of possession of cocaine with intent to distribute in the Circuit Court for St. Mary's County, Maryland. ECF 1 at 12. He states he was sentenced to 10 years all suspended but 15 months, with 3 years of supervised probation. *Id.* In 1998, Petitioner was sentenced to serve five years for a violation of probation. *Id.* at 13. On June 9, 2009, Petitioner filed a petition for coram nobis in the Circuit Court for St. Mary's County, attempting to challenge the validity of the 1996 conviction, now expired, because it was relied upon to enhance his sentence in a federal criminal case in this Court. *See United States v. Taylor*, Crim. Case RWT-06-131 (D. Md.). After a hearing on September 16, 2009, the state court denied the petition on September 26, 2009. ECF 1 at 13. Petitioner appealed the denial to the Maryland Court of Special Appeals and the Court of Appeals and the denial of coram nobis relief was affirmed.

Federal habeas corpus relief pursuant to 28 U.S.C. § 2254 is available to prisoners who are "in custody" pursuant to a state court judgment. In the instant case, Petitioner's state sentence has expired. Federal courts lack jurisdiction under 28 U.S.C. § 1651(a) to alter the judgment of the state trial courts by way of coram nobis. *See Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis ... cannot issue under the instant proceeding ... for the judgments are not in the court which Thomas has petitioned.").

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U. S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U. S. 880, 893 (1983)). The instant petition fails to meet this standard.

The instant petition must be dismissed by separate Order which follows.

____2/23/2016____  
Date

____/s/____  
William M. Nickerson  
Senior United States District Judge